IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DONALD M. JENKINSON, Institutional ID No. 114567, | § § § | |
| Plaintiff, | § § | Civil Action No. 1:21-CV-00060-BU |
| v. | § § | |
| TAYLOR COUNTY DETENTION CENTER, | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff DONALD M. JENKINSON, proceeding pro se, filed this civil action under 42 U.S.C. § 1983 on March 18, 2021, alleging violations of his constitutional rights. Dkt. No. 2. The district court granted Jenkinson leave to proceed *in forma pauperis* ("IFP") (Dkt. No. 6), and transferred this action to the undersigned magistrate judge to conduct preliminary screening. Dkt. No. 7. Because Jenkinson is proceeding IFP, his Complaint is subject to the Court's preliminary screening measures under 28 U.S.C. § 1915. *See* Dkt. No. 6. Because Jenkinson brings his suit against government officials, his Complaint is also subject to screening under 28 U.S.C. § 1915A. At this stage of the proceedings, Jenkinson is the only party and has not consented to proceeding before the undersigned. *See* Dkt. No. 16.

Based on the record now before the Court, and for the reasons stated below, the undersigned recommends that Jenkinson's Complaint be dismissed *sua sponte* without

1

prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to obey an order of this Court.

## I. DISCUSSION AND ANALYSIS

The Court ordered Jenkinson to respond to a Magistrate Judge's Questionnaire so that the Court could further develop the factual allegations in Jenkinson's Complaint. Dkt. No. 10. Jenkinson timely responded (Dkt. No. 11), and also provided notices of his change of address (Dkt. Nos. 13, 14, 15).

When Jenkinson was granted IFP status, he was assessed an initial partial filing fee and permitted to pay the remainder of the $350.00 filing fee in monthly installments under the provisions of the Prison Litigation Reform Act of 1995 (PLRA). *See* Dkt. No. 5. On June 17, 2022, Jenkinson filed a change of address notice showing that he is no longer confined in any jail or prison facility. *See* Dkt. No. 14. The provision of the PRLA that allows for payment of the filing fee in installments only applies while the prisoner remains in custody. See 28 U.S.C. § 1915(b)(2). And because Jenkinson is no longer in custody, on June 21, 2022, the Court ordered Jenkinson to pay the remainder of the filing fee within 20 days, on July 11, 2022. *See* Dkt. No. 17. That order warned Jenkinson that his failure to timely pay the remaining balance of the filing fee would result in his case being dismissed. *Id*. at 2. That Order was mailed to Jenkinson at his last given address.

As of the date of this order, the deadline to pay the remaining balance of the filing fee has passed but Jenkinson has not paid.

Jenkinson has been repeatedly admonished by the Court to maintain a current address, and that failure to do so may result in dismissal of his case. *See* Dkt. Nos. 3, 6, 10.

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice is appropriate in this case. While Jenkinson has not shown purposeful delay or contumaciousness, he failed to follow the Court's order to pay the filing fee balance no later than July 11, 2022, despite the Court's admonishment that failure to pay on time would result in dismissal of his claims.

## II. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the District Judge DISMISS *sua sponte* Jenkinson's Complaint and all claims therein without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to

3

obey an order of this Court. *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits, unless otherwise specified").

### III.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### VI.  TRANSFER OF CASE

Having completed the preliminary screening of Jenkinson's claims under 28 U.S.C. §§ 1915(e)(2) and 1915A, the undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge and designated as Civil Action No. 1:21-CV-00060-H.

ORDERED this 2nd day of August, 2022.

4

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE